Good morning everyone. Once again I'm delighted to be sitting here in Portland with my amazing colleagues Judges Graber and Song. The case scheduled for argument at this time is United States v. Kowalczyk. Counsel for appellate please approach and proceed. Good morning. My name is Micah Rayner. I represent Andrew Kowalczyk, the appellate in this matter. I'd like to reserve two minutes for rebuttal time if that's okay with you. All right, counsel, please be reminded that the time shown is your total time remaining. Yes, Your Honor. The clerk helpfully explained that. And I'd like to focus on the search of the luggage and not the search of the storage lockers. That seems to be the main event here as it yielded the images ultimately used at trial against Mr. Kowalczyk. And I think a good place for this court to start in analyzing the district court's ruling is on the written findings on pages 36 and 37 of the excerpts of record. There the district court applies a non-Gantt case law to the 2007 search and it characterizes its analysis of the search incident to arrest after Mr. Kowalczyk was locked in the back of the squad car. It's a very close call and it acknowledges this court's language in Maddox that says the spatial and temporal proximity of the detention to the search is not conclusive. There has to be some other exigency that justifies the delay. Counsel, why wouldn't the inevitable discovery doctrine apply here, rendering that argument not dispositive? The inevitable discovery doctrine should not apply because the inventory procedures used by the police in this case did not comply with Washington state law. And this court has previously said, I hope I'm pronouncing the case right, Cormier or Cormier, that the state law should be, in order for the exclusionary rule to not apply, state law has to be followed and here it wasn't. I thought we said that whatever procedures they have in place have to be followed. I think if a local police officer's policies do not comply with state law, then the policies of that police department are itself illegal. Am I correct in my recollection that there were no written policies in this case? Correct. There's no written policies. There is case law from this court that no written policy is necessary. However, an unwritten policy still would have to comply with Washington state law. If I understand you correctly, you're referring to the Washington state law cases about vehicles and how the officers have to make a reasonable effort to find another way to deal with the vehicle before impounding it. Is that correct? Well, there's the Houser case, which talks about vehicles, but the statute supporting the Houser case doesn't just apply only to vehicles. And there's also the Dugas case, which existed at the time of the search, which is another state v. Dugas, Washington case, which applies that general framework to items that are not a vehicle but personal items outside of the vehicle context. What do you make of United States v. Wenlis? I'm not sure if that's the right pronunciation where we said they followed their local procedures. Well, I think that can be balanced with this court's opinion. And, again, I hope I'm pronouncing the court's opinions right, Cormier, where we have to follow state law. Think of the policy problems that would create. If a local police unit had an illegal, unwritten inventory policy that paradoxically only applies to items that are not in a car, where cars have a less expectation of privacy, generally under Fourth Amendment jurisprudence, that would be kind of nonsensical, and it would also be contrary to the state law principles that govern inventory searches. The difficulty is this is not a state case. It's a federal case, and we're applying the federal Constitution, and the overall concept is reasonableness, whether or not this was reasonable. So I'm not sure that we have to look at whether there was a compliance with every particular provision of state law in order to determine whether or not it was reasonable for purposes of the exclusionary rule. I think that the Washington distinction between open and closed containers is pretty foundational to Washington law, and I think the reasonableness of an inventory search is a non-evidentiary purpose. And we submitted in the Rule 28J letter to the court its recent en bas opinion in that Anderson case, where the purpose of the inventory search is also to create an inventory, not an evidentiary rummaging, where I think the facts of the case at the suppression hearing does seem to indicate it was the police were searching for evidence and not creating an inventory to protect against the false allegations of theft or as part of the police being a bailer to the property or to safeguard the defendant's valuables. After all, they left some of the defendant's valuables in the motel room. Going back, well, I think there's a difference between luggage that's in the middle of the street and luggage that's in a parking lot than luggage in the hotel room, but I want to go back to a moment to your initial argument about the search incident to arrest. Even in light of Gantt, why wouldn't the good-faith exception apply? So I concede in the government's briefing that this search is pre-Gantt, and post-Gantt case law says that its good-faith exception applies when police relied on the Gantt exception. However, non-Gantt case law, Turner, Hudson still have this, and Maddox is post-Gantt, but it doesn't cite Gantt at all. All of those still have an exigency exception, and there's critical facts here that distinguish this case from Turner and Hudson. The defendant was not just placed in another room but locked in a squad car. The police did a protective search of the hotel room where the defendant was staying. There was a heavy police presence. There was no threat to the officers at the time the search was conducted. I think that the government's briefing does give short shrift to the exigency at the time of the search. There really wasn't one. How could the officers, even going back to Schimel, the purpose for the search incident to arrest exception to the Fourth Amendment is the policy is to protect officer safety. Going back to the inevitable discovery portion of the government's argument, I think that there was evidence that one of the things that is looked for in that context is weaponry, and why wouldn't it have been reasonable to look for firearms in the luggage at that time? I think the facts supporting a firearm being in a particular piece of luggage at that time from an 11-month-old prior incident alleged against the defendant involving a firearm are too attenuated. We don't have any particular- So is it your view that if someone has had weapons problems a year ago, there's no ability to determine whether that's happening again? That seems to be your argument. Yes. I think let's think of it. Here's, I think, a good way maybe to help the court think about it. If there were, if someone came to you, I know it's a different standard, but if someone came to a federal magistrate judge and said, we're looking for, we want to do a search of a box that belonged to the defendant who previously had a gun 11 months ago, the magistrate judge had said, this is, you've got to come back with more particularity as to why there would be a gun in the box at that time. Also, there was testimony at the suppression hearing, or at least evidence submitted, about how a gun that's in a box, the exigency is not dangerous if it's just sitting in a property. We're not talking about exigency. We're talking about inventory search. Right. So, but the point of the Washington law, though, there has to be some danger to the police by the closed item when the inventory search- Let me ask you this. You relied on Cormier for your argument that the inventory search had to apply, had to comply with state law. What language specifically in Cormier are you relying on? I can't recall the quote right now, Your Honor. Okay. So I'm looking at page 1111 of Cormier, the third paragraph of Section B, and it says, there are two exceptions to the general rule that state law violations do not require suppression of evidence in federal court. The first exception arises when a court is determining the legality of an inventory search, because federal law on inventory search by state or local police officer requires they must be conducted in accordance with the official procedures of the relevant state or local police department. Not state law, but the procedures of the relevant police department. Does that change your argument about the inventory search? The state procedures were propounded to a certain point by the Washington State Patrol. They didn't have any written procedures. The Paliupto Police Department, are we talking about, Your Honor? Yeah. I'm mispronouncing it because I'm not local. I'm sorry. And they testified that they complied with their unwritten procedures. So how do you get around that? Well, that would create a paradox where state police could create policies that were wildly inappropriate to the purpose of an inventory search. Well, but that's not the case. You didn't make that argument about these procedures that the police have. There's been no assertion that they're unconstitutional or violate federal law in any way. So if their testimony is that they complied with their unwritten inventory policy, and Cormier says that that's what they have to do, why don't you lose on that point? I mean, state procedures would have to follow state law. That's not what Cormier says, though. In compliance with state? It says in accordance with the official procedures of the relevant state or local police department. So wouldn't procedure of the relevant state fall under what's permissible under state law? That would be my position. Okay. I understand your opinion. I see that I'm down to two minutes and 36 seconds. I think now would be a good time to stop unless the court has further questions. Thank you, counsel. We'll hear from the state. From the government, I should say. Thank you. Thank you. I think if we begin with the principle that the touchstone of the Fourth Amendment is reasonableness, the district court properly assessed what law enforcement did here as, in fact, reasonable at every step. Then I want to jump to the inevitable discovery argument, and that's one that is distinct from the inventory search itself. The officers in this case unquestionably treated the search of Mr. Kowalczyk's bags as a search incident to arrest. Our argument about the inventory is that if they hadn't done that, the evidence would have inevitably been discovered once the bags were taken back to the police department and subject to their routine inventory practice. So when it comes to the reasonableness, though, of the officers conducting the cursory search of the bags that Judge King described, he did so for several very legitimate reasons, and that is that what the officers knew about Mr. Kowalczyk at that point was that he was armed and dangerous. He was an escape risk. He was wanted for several unlawful use of a weapon charges, and this wasn't stale. The events may have taken place 11 months before, but remember, Kowalczyk was a fugitive. He had failed to appear in Washington County on those charges, and Mr. Kowalczyk testified that he knew he had those charges. So the officers confronted with that reasonably did a cursory search at the scene, and regardless of whether or not you apply Gant or you don't apply Gant, it was absolutely reasonable 16 1⁄2 years ago when they, in fact, did this cursory search. Unless there are any other questions on the search of the bags, I'd like to turn to the search of the storage unit. Well, opposing counsel didn't address that. You want to address it anyway? Okay. If there are questions from the panel on the search of the storage unit, if not, I'm happy to rest on the briefs. I think the court addressed that and explained the reasons for the delay very well. Are there any questions on the search of the bags at the scene of the arrest? There's none. Okay. I want to be respectful of the court's time then, and I'm happy to submit. Thank you, counsel. Thank you. Just a couple points. I think the government just referred to the search at the scene as cursory. I don't know if that's exactly true. One of the officers searched a camera and found images of child pornography. I think that's beyond cursory. Does it really matter whether it was cursory or not? I suppose not in terms of what it found. Whether it's justified or it's not justified. Right. Okay. Also, I think the armed and dangerous and the prior felony lack particularity in terms of what the officers could have reasonably been expecting to look for at that time. And that's the fundamental heart of what separates this case from the Turner-Hudson line of cases. And unless the court has any other questions, I'm prepared to submit as well. Thank you, counsel. Thank you. Thank you to both counsel for your helpful arguments. In case this argument is submitted for a decision by the court, we'll be in recess until the clock a.m. Rise.
judges: GRABER, RAWLINSON, SUNG